GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-24-00430-001-PHX-DWL |
|---|---|
| Plaintiff, | |
| vs. | UNITED STATES' SENTENCING MEMORANDUM |
| Griffin Thomas Doyle Hansen, | |
| Defendant. | |

Defendant Griffin Thomas Doyle Hansen ("Defendant" or "Hansen") pleaded guilty to Count 10, False Statement During the Purchase of a Firearm. The United States recommends that Defendant receive a sentence of three years' probation.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR"). (ECF 2.) The United States agrees with the Draft PSR calculations resulting in a Total Offense Level of 23 and Criminal History Category I. Draft PSR at ¶¶ 27 and 31, resulting in a Guidelines range of 46-57 months' imprisonment. This recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTS AND PROCEDURAL HISTORY**

A grand jury indicted Defendant on March 12, 2024. On September 17, 2024, Defendant pleaded guilty to Count 10 of the Indictment, False Statement During the

Purchase of a Firearm, in violation of 18 United States Code § 924(a)(1)(A).  Defendant agreed with the facts in his plea agreement, including:

On or between August 27 – 28, 2019, Defendant Hansen completed an ATF Form 4473, in connection with his purchase of four Glock firearms at Bear Arms Firearms, which is an FFL in Scottsdale, Arizona.  Defendant Hansen indicated on the ATF Form 4473 that he resided at an address on N. 69th Street in Scottsdale, Arizona.  At the time of completing the form, Defendant Hansen knew he resided at a different address.

Between approximately October 9, 2018, and August 28, 2019, Defendant Hansen used the same inaccurate address on N. 69th Street in Scottsdale, Arizona on approximately 15 additional ATF Form 4473s.  In 2018-2019, Defendant Hansen purchased a total of approximately 49 firearms, all transferred through Bear Arms Firearms, spending more than $65,000 on those firearms.

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant Hansen receive a sentence of probation.  The United States will dismiss Counts 1-9 of the indictment, at the time of sentencing.

### A Probation Sentence is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States

submits that probation for Defendant Hansen is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1. Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of Defendant Hansen's offense are concerning. Purchasing nearly 50 firearms without providing accurate information regarding his correct and current address interferes with the government's ability to track firearms if necessary. However, Defendant Hansen's crimes took place over five years ago and he turned over all the firearms in his home. These factors weigh in favor of the recommendation herein.

### 2. Defendant's History and Characteristics

Defendant Hansen's history and characteristics weigh in favor of a probation sentence. Defendant Hansen was on the younger side when the crimes were committed, he has a history of substance abuse, and may be in need of other counseling. Defendant Hansen appears to lack steady employment, which is cause for concern. To his credit, Hansen has a criminal history category of I. Once law enforcement approached Defendant Hansen has not obtained any additional firearms. Several years have passed since the crimes.

### 3. Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As mentioned, Defendant Hansen's crime is a serious offense. However, considering all the relevant factors, probation is appropriate for this individual.

### 4. The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Here, Defendant Hansen had been deterred from engaging in further criminal activity related to firearms. The government is optimistic that a felony conviction will be a specific deterrent from future criminal activity.

The need for deterrence also extends beyond preventing recidivism by just a specific defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant.  *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  Here, other people should be deterred from committing similar crimes based on Defendant Hansen's conviction.

### 5. Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).  Defendant's contact with the criminal justice system and felony conviction should be a sufficient deterrent with will serve to protect the public from Defendant Hansen.

### 6. Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  While Defendant Hansen is on probation, he can receive any necessary mental health and substance abuse treatment, as well as training and assistance regarding vocational skills and employment opportunities, which appear necessary from a review of the Draft PSR.

//
//
//
//
//
//
//
//
//

- 4 -

## III.    CONCLUSION

The United States recommends that Defendant Hansen receive a three-year sentence of probation.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 12th day of November, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on November 12, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jessica Hernandez
Counsel for Defendant Hansen

*s/ J. Schesnol*
U.S. Attorney's Office